# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between KATIE ABEL ("Plaintiff") and THE CORPORATION OF MERCER UNIVERSITY, including its past, present, or future officers, directors, trustees, administrators, managers, employees, agents, attorneys, representatives, and assigns (collectively, "Defendant").

## RECITALS

WHEREAS, Plaintiff and Defendant are currently involved in a civil dispute based upon and arising out of Plaintiff's former employment with Defendant.

WHEREAS, Plaintiff and Defendant desire to resolve all matters between the parties and all matters arising out of Plaintiff's claims.

WHEREAS, Defendant denies all claims asserted against it. This Agreement is not, and shall not in any way be construed as, an admission by any Party of wrongdoing or any violation of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §§ 201, *et seq.* The Parties have entered into this Agreement for the sole purpose of resolving litigation and avoiding the future burden, expense, delay, and uncertainties of litigation.

WHEREAS, Plaintiff and Defendant, both represented by Counsel, have settled all matters of controversy via arm's length negotiations. Because Plaintiff's claims against Defendant involve allegations pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, as amended (the "FLSA"), the parties agree for their counsel to seek approval of this Settlement Agreement from the Judge in the United States District Court for the Middle District of Georgia, Macon Division, assigned to Civil Action Number 5:26-cv-00404 .

NOW THEREFORE, in consideration of this Agreement, and in full and final settlement of any and all claims Plaintiff has made under the Fair Labor Standards Act, the Parties agree as follows:

## AGREEMENT

1. **Court Approval:** Within seven (7) business days after receiving this Agreement signed by Plaintiff, Defendant shall return to Plaintiff a fully executed copy of this Agreement, and Counsel for Defendant will then file with the Court in the United States District Court for the Middle District of Georgia, Macon Division, assigned to Civil Action Number 5:26-cv-00404 , a Joint Motion to Approve Settlement and Dismissal of Plaintiff's Complaint with Prejudice, and will attach a copy of this Settlement Agreement, to be reviewed for approval.

2. The parties agree that they will mutually make every reasonable effort to obtain the Court's approval of this Agreement and resulting dismissal with prejudice of the Civil Action, including supplying the Court with any additional requested information. Plaintiff agrees, however, that her Counsel shall solely be responsible for proving entitlement to and/or justification of Plaintiff's attorney's fees that are part of the agreed-upon settlement. In the event the Court approves this Agreement but does not dismiss the Civil Action as



K. Abel Mercer

requested in the parties' Joint Motion for Approval of Settlement Agreement, Plaintiff will file a Stipulation of Dismissal With Prejudice within two (2) business days of the Court's approval of the Agreement.

3. **Consideration:** In exchange for the mutual promises set forth in this Agreement, Defendant shall pay Plaintiff the total gross amount of $19,678.14 (the "Settlement Payment"). The Settlement Payment shall be paid as a one-time lump sum via two checks, made payable as follows:

    a. Payable to Katie Abel, $15,828.14, allocated as payment for unpaid overtime wages and liquidated damages. Defendant will deduct the required withholdings and pay the net amount to Plaintiff. Plaintiff shall be responsible for payment of taxes on this portion of the settlement. Defendant will issue Plaintiff a Form W-2 for these wages.

    b. Payable to The Kaspers Firm, LLC ("Plaintiff's Counsel"), $3,850.00, for payment of Plaintiff's attorney's fees. Defendant will issue The Kaspers Firm, LLC a Form 1099 for this payment. This represents 11 hours of Counsel's time at the rate of $350.00 per hour. The Kaspers Firm, LLC is the only law firm entitled to attorney's fees. Plaintiff certifies that no attorney or firm other than The Kaspers Firm, LLC is entitled to receive a fee or reimbursement of expenses or costs from this case.

    c. Defendant shall deliver both payments to Plaintiff's Counsel so that they are actually received by Plaintiff's Counsel within ten (10) business days of Court approval of this Agreement.

4. **Tax Liability:** Defendant makes no representations as to the tax consequences or liability arising from the Settlement Payment. Plaintiff acknowledges that she is relying on no representations or warranties by Defendant regarding the tax consequences, if any, of said payments. Plaintiff has been advised to seek advice from professional advisors of her choosing regarding tax treatment of this settlement. Plaintiff acknowledges and agrees that she shall be solely responsible for any and all tax liability, penalty, or interest that may be owed by Plaintiff in connection with the Settlement Payment. Plaintiff further covenants and agrees to indemnify and hold Defendant harmless for any additional sums, including, but not limited to, employer's share of FICA, costs, and expenses, including reasonable attorney's fees, liabilities, interest, and penalties incurred as a result of the tax treatment which Plaintiff attributes to the payments made pursuant to this Agreement, or as the result of any of said payments being made without being subjected to withholdings.

5. **Plaintiff's Release and Waiver of Claims and Covenant not to Sue:** Subject to timely receipt of the Settlement Payment, Plaintiff agrees for herself and all heirs, executors, administrators, successors, and assigns to forever release and discharge Defendant and its past, present, or future officers, directors, trustees, administrators, managers, employees, agents, attorneys, representatives, and assigns from any and all claims and all

 KA K. Abel    Mercer

other debts, promises, agreements, demands, causes of action, attorneys' fees, costs, losses, and expenses, known or unknown, suspected or unsuspected, filed or unfiled, arising prior to the Effective Date of this Agreement related to Plaintiff's FLSA claim or a claim for unpaid overtime compensation, liquidated damages, or for attorney's fees or costs.

Plaintiff affirms that she voluntarily resigned her employment with Defendant and that she has no claim against Defendant for retaliation under the FLSA, but that this Release and Settlement Agreement would fully extinguish any such claim.

Plaintiff understands that this Release, Waiver of Claims, and Settlement Agreement is meant to resolve any and all issues or potential issues made against Defendant or that could have been made against Defendant pursuant to the FLSA as a result of Plaintiff's employment with Defendant.

Plaintiff further expressly covenants and agrees that she will not initiate, file, maintain, or participate as a party/collection action member in any other lawsuit, arbitration, administrative complaint, or other legal proceeding against Defendant asserting any of the claims released herein.

Plaintiff further understands that, upon Court approval of this settlement and the dismissal of this action with prejudice, such shall foreclose any claim by Plaintiff against Defendant pursuant to the FLSA related to Plaintiff's past employment with Defendant.

Except as provided above in Section 2, each party shall bear their own attorney's fees and costs.

6. **<u>Release Exclusions:</u>** This Agreement and the mutual releases contained herein shall not apply to rights or claims that may arise after the Effective Date of this Agreement; nor shall any provision of this Agreement be interpreted to waive, release, or extinguish any rights that—by express and unequivocal terms of law—may not under any circumstances be waived, released, or extinguished. This Agreement does not prevent Plaintiff from cooperating with a governmental agency in any investigation or proceeding, although should she do so, she agrees that she will not receive, and will forego, any recovery that may otherwise be recoverable by or payable to her. This Agreement does not act as a waiver of any party's right to enforce this Agreement.

7. **<u>Notices:</u>** All notices and other communications pursuant to this Settlement Agreement shall be in writing and shall be deemed given if (a) sent by a nationally recognized overnight courier, (b) certified mail return receipt requested with postage prepaid, (c) by hand delivery, or (c) by email to the parties at the following addresses:

Katie Abel: The Kaspers Firm, LLC c/o Tyler Kaspers, 152 New Street, Suite 109, Macon, Georgia 31201, tyler@kaspersfirm.com

 KA K. Abel JD Mercer

The Corporation of Mercer University: Callie D. Bryan, Jones Cork, LLP, 435 2nd Street, Suite 500, Macon, Georgia 31201, callie.bryan@jonescork.com

8. **Adequate Consideration:** Plaintiff and Defendant acknowledge that the consideration provided by each to the other is adequate and that this Agreement is a legally binding document with which all parties will faithfully comply.

9. **Binding Nature:** This Agreement, and all the terms and provisions contained herein, shall bind the heirs, personal representatives, successors, and assigns of each party, and inure to the benefit of each party, its heirs, agents, directors, officers, employees, servants, successors, and assigns. However, this Agreement is specifically conditioned upon the Court's approval of same.

10. **Construction:** This Agreement shall not be construed in favor of one party or against the other.

11. **Partial Invalidity:** Should any portion, word, clause, phrase, sentence, or paragraph of this Agreement be declared void or unenforceable, such portion shall be considered independent and severable from the remainder, the validity of which shall remain unaffected.

12. **Compliance with Terms:** The failure to insist upon compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

13. **Governing Law and Jurisdiction:** This Agreement shall be interpreted under the laws of the State of Georgia, both as to interpretation and performance.

14. **Section Headings:** The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

15. **Counterparts:** This Agreement may be executed in counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument. The parties agree that signed facsimiles, .pdf copies, and e-mail or electronic signatures shall have the same force and effect as the originals.

16. **No Admissions:** It is understood and agreed by the parties that this Agreement represents a compromise and settlement for various matters and that the promises, payments, and consideration set forth in this Agreement shall not be construed to be an admission of any liability or obligation by either party to the other party or any other person.

KA K. Abel JP Mercer

17. **Effective Date:** This Agreement shall be effective and enforceable upon approval by the Court, when said Order is filed in the civil action, stating that the Agreement is approved.

18. **Time is of the Essence:** Time is of the essence as to every provision of this Agreement.

19. **Entire Agreement:** This Agreement and the attachments hereto embody the entire agreement of the parties hereto who have executed it, relating to Plaintiff's FLSA claims, and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the parties to this Agreement related to the subject matter herein.

20. **Modification:** This Agreement may not be modified or amended in any respect whatsoever, except by a writing duly executed by the Parties and approved by the Court, and each of the Parties agree that they shall make no claims at any time that this Agreement has been orally modified or amended.

21. All warranties, representations, terms, conditions, covenants, agreements, and releases contained herein shall survive this Agreement.

22. **Knowledge and Understanding:** Each party acknowledges and agrees that each has had sufficient time to review this Agreement, that each has conferred with counsel regarding this Agreement, and that each has received all information they require from the other in order to knowingly execute this Agreement. The parties acknowledge that each party has participated in the drafting of this Agreement, and that each has had an equal opportunity to participate in the drafting of this Agreement. The Parties agree that they have read and fully understand this Agreement and that they enter into this Agreement voluntarily.

**KATIE ABEL** — **DATE** September 8, 2026

**On behalf of**
**THE CORPORATION OF MERCER UNIVERSITY** — **DATE** 9/8/2026

**Print Name:** Julia T. Davis

**Title:** Senior Vice President for Administration and Finance

 K. Abel Mercer